UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:21-cr-20077

v.                                                    Honorable Thomas L. Ludington
                                                         Magistrate Judge Patricia T. Morris

JASON DALE STOCK,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR TRANSPORTATION TO POLYGRAPH EXAMINATION**

This matter is before this Court upon Defendant's Motion for Transportation to Polygraph Examination. ECF No. 15. On February 3, 2021, Defendant Jason Dale Stock was indicted on one count of possession child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ECF No. 1. Defendant is detained pending trial pursuant to a consent order of detention. ECF No. 12. His trial is currently scheduled for October 12, 2021. ECF No. 11.

On August 31, 2021, Defendant, through counsel, filed a motion entitled "Motion for Government Cooperation in Having Private Polygraph Examination Conducted." ECF No. 15. Defendant states that the Government has rejected his offer to cooperate because it does not believe him. *Id.* at PageID.34. To demonstrate his truthfulness, Defendant wants a polygraph examination, but the Isabella County Jail, where he is currently detained, "will not allow it." *Id.* at PageID.35. Defendant thus requests an order directing the United States Marshals Service to transport him to the Midland County Jail for a polygraph examination. *Id.* Defendant further states that a polygraph examination would also "help [him] not lose points for acceptance of responsibility." *Id.*

Defendant's motion will be denied for two reasons.

First, "there is no federal right . . . to [a] polygraph exam."[1] *Thompson v. Flaherty*, No. 2:08-CV-500, 2010 WL 3667013, at *2 (S.D. Ohio Sept. 14, 2010) (collecting cases). Indeed, there is not even a constitutional right "to have polygraph evidence admitted at trial[]." *United States v. Thomas*, 167 F.3d 299, 308 n.8 (6th Cir. 1999). Defendant's generic reference to the Sixth Amendment and counsel's duty to "assist his client in any way that he can" does not alter the analysis. *See* ECF No. 15 at PageID.35. This Court will not direct the United States Marshals Service to transport Defendant to an examination that he has no right to compel.

Second, the Government represents in its response brief that favorable polygraph results would not change its decision regarding Defendant's cooperation. ECF No. 16 at PageID.37. The Government also represents that it will not object to Defendant receiving a reduction in his total offense level for acceptance of responsibility if he "plead[s] guilty and clearly accept[s] responsibility for the offense." *Id.* at PageID.38.

Accordingly, it is **ORDERED** that Defendant's Motion for Transportation to Polygraph Examination, ECF No. 15, is **DENIED**.

Dated: September 13, 2021             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

[1] Michigan law allows a defendant charged with certain state-law offenses to request a polygraph examination. MICH. COMP. LAWS 776.21(5). But Defendant is accused of a federal offense in federal court, and federal law confers no such right.